# IN THE COURT OF APPEALS OF IOWA

No. 24-1716
Filed February 19, 2025

**IN THE INTEREST OF M.S.,**
**Minor Child,**

**N.S., Mother,**
    Appellant.

_____

Appeal from the Iowa District Court for Polk County, Lynn Poschner, Judge.

A mother appeals the termination of her parental rights. **AFFIRMED.**

Colin McCormack of Van Cleaf & McCormack Law Firm, LLP, Des Moines, for appellant mother.

Brenna Bird, Attorney General, and Mackenzie Moran, Assistant Attorney General, for appellee State.

Kaitlyn C. Willms of DiMaria Law P.L.L.C., West Des Moines, (until withdrawal) and Deborah M. Skelton, Pleasant Hill, attorney and guardian ad litem for minor child.

Considered by Ahlers, P.J., and Badding and Buller, JJ.

**BADDING, Judge.**

After a decade of using methamphetamine, a mother who was fifty days sober appeals the termination of her parental rights to her child—born in January 2024—under Iowa Code section 232.116(1)(b), (g), and (h) (2024). We affirm upon our de novo review of the record. *In re L.B.*, 970 N.W.2d 311, 313 (Iowa 2022).

Although we generally use a three-step analysis in our review, the mother only challenges the first step: whether the State established a ground for termination by clear and convincing evidence. *Id.* So we confine our review to that step, *see In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010), concentrating on section 232.116(1)(h), *see In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) (stating termination may be affirmed on any ground supported by the record).

On that ground, the mother argues that she was "actively engaged in substance abuse treatment at the time of the trial in this case at an inpatient facility that permits mothers to live with their children." She accordingly contends the child could have safely been returned to her custody while she completed treatment. *See* Iowa Code § 232.116(1)(h)(4) (requiring the State to prove by "clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time"); *D.W.*, 791 N.W.2d at 707 (interpreting the statutory language "at the present time" to mean "at the time of the termination hearing"). Yet at the termination hearing, the mother agreed with her attorney that she was *not* asking for the child to be returned to her custody that day. She testified: "I'm going to treatment, I'm bettering myself, and I'm trying to make myself a better mother by taking my parenting classes," and "I want to be

able to . . . multitask all these things and get them done so I can be in a better place for her." While she worked towards that goal, the mother believed that it was best for the child to stay with the foster parents, who had adopted the mother's two older children.

We commend the mother for her insight and progress towards sobriety. But her concession at the termination hearing amounted to clear and convincing evidence supporting termination under section 232.116(1)(h). *See In re D.C.*, 24-1792, 2025 WL 401965, at *4 (Iowa Ct. App. Feb. 5, 2025) (concluding that a "trial concession on the only element contested on appeal" is a basis to summarily affirm a statutory ground for termination); *In re K.A.*, No. 24-0287, 2024 WL 1757403, at *2 (Iowa Ct. App. Apr. 24, 2024) (finding clear and convincing evidence supported termination where the mother acknowledged her incarceration as of the hearing date prevented the return of her child); *In re A.S.*, No. 22-1249, 2023 WL 382299, at *1 (Iowa Ct. App. Jan. 25, 2023) (concluding the father's concession that "he needed a few more months to be in a position to have the child returned to his custody . . . foreclosed reunification").

Concession aside, the remaining record also supports termination under that ground. The mother is battling a decade-long methamphetamine addiction. That addiction led to the termination of the mother's parental rights to her two older children in 2022. The mother completed inpatient substance-use treatment in those proceedings. But after she left residential treatment, the mother started using methamphetamine again. She continued to use methamphetamine while she was pregnant with this child, who was born positive for the drug. While the mother began the case "with strong motivation" to get the child back into her

custody, she admitted relapsing just a few months later. For the next several months, the mother stopped attending treatment and visits with the child. She also neglected her mental health, avoiding therapy and prescribed medications for her anxiety and depression. The mother waited until the day before the State petitioned to terminate her parental rights to enter an inpatient substance-use treatment facility, where she expected to remain for the next year.

We urge the mother to stay on the path she started just before the termination hearing, where she testified: "I want to be off of drugs, I want to be clean, I want to live sober, and I want to have a good life." But given her history, we agree with the juvenile court that the mother will "need a long time to show that she can maintain sobriety and mental health outside of a treatment facility." *See In re N.F.*, 579 N.W.2d 338, 341 (Iowa Ct. App. 1998) ("[I]n considering the impact of a drug addiction, we must consider the treatment history of the parent to gauge the likelihood the parent will be in a position to parent the child in the foreseeable future."). As our supreme court concluded in *In re W.M.*, "[a] long history of substance abuse, repeated relapses, and demonstrated inability to maintain sobriety outside a supervised setting demonstrates the child[] could not have been returned to [the mother's] care at the time of the termination hearing." 957 N.W.2d 305, 313 (Iowa 2021) (affirming termination under section 232.116(1)(f)).

For these reasons, we affirm the juvenile court's decision terminating the mother's parental rights.

**AFFIRMED.**